UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DASSAULT SYSTEMES SOLIDWORKS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>METALWORKS LLC, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>24-9495 (ES) (LDW)<br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of plaintiff Dassault Systèmes SolidWorks Corporation's request for expedited discovery in conjunction with its motion for a temporary restraining order and an order to show cause why a preliminary injunction should not issue against defendants MetalWorks LLC, Izhak Goldring, John "Amir" Doe, and John "Slava" Doe (collectively, "defendants") for their alleged copying and unauthorized use of plaintiffs' SolidWorks software. (ECF 4); and

**WHEREAS** by Order dated November 6, 2024, the Honorable Esther Salas, U.S.D.J. denied without prejudice plaintiff's request for leave to access and make a forensic image of the hard drives of the computers on which defendants allegedly used plaintiff's SolidWorks software pending receipt of supplemental briefing and a proposed forensic protocol. (ECF 22); and

**WHEREAS** the Court has considered plaintiff's November 13, 2024 supplemental brief, the Declaration of Jeremiah Foley in support of the application for expedited discovery, and plaintiff's revised proposed forensic protocol. (ECF 23, 24); and

**WHEREAS** plaintiff requests leave to take forensic images of defendants' devices in order to "to preserve and analyze MetalWorks's access and use information, user logs, registry keys,

evidence of the SolidSquad crack files, and capture the full scope of MetalWorks's infringement." (ECF 4-1); and

**WHEREAS** defendants have not appeared, opposed plaintiff's request for entry of a TRO or preliminary injunction, or filed any objection to plaintiff's request for expedited discovery; and

**WHEREAS** the Court finds good cause to permit forensic imaging because it will preserve evidence of unauthorized use of plaintiff's product, if any, which is necessary to establish plaintiff's claims, and the requested discovery is narrowly tailored to that purpose. The imaging itself should impose minimal burden on defendants. *See Times Three Clothier, LLC v. Rack's OffPrice*, 22-cv3013 (MAH), 2022 WL 3053946, at *2 (D.N.J. Aug. 3, 2022); and

**WHEREAS** although plaintiff has set forth a procedure for review of the imaged files by the parties' respective experts and the parties themselves in paragraphs 5 through 7 of the revised proposed forensic protocol, (ECF 24-1), the Court finds those provisions to be premature in light of defendants' failure to appear or otherwise cooperate in this action to date; therefore,

**IT IS** on this day, December 11, 2024, **ORDERED** that:

1. Defendants shall provide a list of computers capable of running SolidWorks in their possession, custody and/or control, and provide the size of the hard drive of each computer to plaintiff's counsel no later than **December 18, 2024**.

2. The computers shall be made available to plaintiff's expert or one of his or her agents at a time and location agreed upon by the parties. Depending on the size of the hard drives on computers, this may be done during normal working hours and defendants and their employees may use the computers while the imaging is performed. Alternatively, the imaging may be performed at their location, or another location agreed upon by the parties, over the weekend or another time convenient for the parties.

3. Should defendants remain absent from this action, plaintiff may file a motion for the impounding of defendants' computers under 17 U.S.C. § 1203(b)(2) on or before **January 10, 2025**. Should the Court order the impounding, plaintiff will then issue a subpoena to the Government to have the hard drives imaged while they are in the Government's custody.

4. A copy of the images may be made available to defendants and/or their experts upon request.

5. This Order is intended to permit preservation of evidence by plaintiff's third-party expert only. Review of imaged files shall not proceed absent further order of this Court.

6. Plaintiff is directed to serve a copy of this Order on defendants via U.S. Mail and email, if available.

              *s/ Leda Dunn Wettre*
              Hon. Leda Dunn Wettre
              United States Magistrate Judge